| | |
|---|---|
| | |

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VELIA MINJARES,<br><br>    Plaintiff,<br><br>    v.<br><br>AMGUARD INSURANCE COMPANY, a Pennsylvania corporation, authorized to do business in California; and DOES 1 through 100, inclusive,<br><br>    Defendants. | Case No. 5:21-cv-00798-JWH-SHKx<br><br>**ORDER TO SHOW CAUSE REGARDING SUBJECT MATTER JURISDICTION** |

Defendant AmGUARD Insurance Company removed the instant action to this Court on May 5, 2021, under 28 U.S.C. § 1441(b).[1] This Court has original jurisdiction of civil actions between citizens of different states in which the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). AmGUARD asserts that such diversity jurisdiction exists here.[2]

Neither AmGUARD nor Plaintiff Velia Minjares has, however, demonstrated sufficiently that the amount in controversy exceeds $75,000. When it is "'unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled,' the removing party must show by a 'preponderance of the evidence' that the amount in controversy exceeds the jurisdictional amount." *Mutti v. Rite Aide Corporation*, 2014 WL 12771117, *4 (C.D. Cal. 2014) (quoting *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007)).

Here, AmGUARD has not demonstrated by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. Instead, after noting that Minjares seeks over **$50,000**, AmGUARD asserts that "[g]iven the nature of the claims asserted by Plaintiff, and the variety of damages sought in connection with this action, the amount in controversy in this action ***exceeds $75,000***."[3] This bald assertion is insufficient to justify removal under the standard set by the Ninth Circuit in *Guglielmino*.

Minjares' Complaint seeks compensatory, general, consequential, and incidental damages of at least ***$50,000***.[4] "Plaintiff's Statement" in the parties' Joint Rule 26(f) Report appears to expand Minjares' demand. According to that

---

[1]  *See* Def.'s Notice of Removal ("the Notice") [ECF. No. 1].
[2]  *Id.* at ¶¶ 5-9.
[3]  Notice ¶ 9 (emphasis added).
[4]  *See* Complaint, Prayer for Damages 13:19-20; 14:2-3 [ECF No. 1], Ex. 1 (citation refers to the Complaint's original pagination).

statement, Minjares seeks $74,000 in compensatory damages for repair, restoration, and emergency services, plus heretofore undetermined damages for contents handling and alternative living expenses, attorneys' fees, and punitive damages.[5]  While these damages might ultimately total more than $75,000, Minjares has not specifically so pleaded.

In view of that background, the Court hereby **ORDERS** AmGUARD to show cause in writing why the Court should not remand this action to state court for lack of subject-matter jurisdiction.  *The Court DIRECTS AmGUARD to file a response to this Order to Show Cause no later than September 23, 2021*.  AmGuard's failure to respond adequately to this Order to Show Cause may, without further warning, result in the Court's *sua sponte* remand of this action.

**IT IS SO ORDERED.**

Dated: September 9, 2021

_____
John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[5] *See* Joint Rule 26(f) Report for Scheduling Conference 5:11-18 [ECF No. 13].